IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS JORDAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>RED LOBSTER RESTAURANTS, LLC,<br><br>Defendant. | Case No. 17 Civ. 5550<br><br>Jury Trial Demanded<br><br>COLLECTIVE ACTION COMPLAINT |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Marcus Jordan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel of record, alleges, upon personal knowledge as to himself and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers, who work or have worked for Defendant Red Lobster Restaurants, LLC ("Red Lobster" or "Defendant") in the United States as exempt-classified Kitchen Managers, Bar Managers, Assistant Managers, and Front-of-the-House Managers (collectively, "Restaurant Managers" or "RMs").

2. Red Lobster is organized between the "Front-of-House," which focuses on customer service, and the "Back-of-House," which focuses on food preparation. Employees may work in both "Front-of-House" and "Back-of-House," regardless of job title, depending on the needs of the restaurant.

3. Red Lobster classifies all RMs as exempt from the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

4. Regardless of the number of hours worked, Red Lobster does not pay RMs overtime compensation.

5. RMs perform, as their primary duties, the same or similar non-exempt duties that hourly employees perform.

6. RMs spend the majority of their shifts performing tasks such as greeting and waiting on customers, expediting and serving food, cooking and preparing food, clearing and setting tables, washing dishes, counting inventory, cleaning the restaurant, and performing general customer service.

7. Red Lobster should have classified RMs as non-exempt from the overtime provisions of the FLSA.

8. Upon information and belief, Red Lobster applied the same compensation and employment policies, practices, and procedures to all RMs nationwide.

9. Plaintiff brings this action to recover unpaid overtime compensation for himself and similarly situated current and former RMs nationwide who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

## THE PARTIES

**Plaintiff**

10. Plaintiff Marcus Jordan ("Jordan") is an adult individual who resides in Joliet, Illinois.

11. From in or around August 1, 2014 to April 30, 2016, Red Lobster employed Jordan as an RM at a Red Lobster in Joliet, Illinois.

12. As an RM, Jordan frequently performed the functions of an hourly employee.

13. Jordan regularly worked between approximately 50 and 55 hours per week.

2

14. Pursuant to Red Lobster's policy and practice, Red Lobster did not pay Jordan overtime premium pay when he worked as an RM for its benefit in excess of 40 hours in a workweek.

15. Jordan is a covered employee within the meaning of the FLSA.

16. A written consent to join form for Jordan is attached as Exhibit A.

**Defendant**

17. Red Lobster has owned and/or operated its restaurants during the relevant period, including the Illinois location where Plaintiff worked.

18. Red Lobster is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiff and similarly situated employees.

19. At all times relevant, Red Lobster maintained control and oversight over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

20. Red Lobster applies the same employment policies, practices, and procedures to RMs at all Red Lobster restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

21. Upon information and belief, at all times relevant, Red Lobster's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts a substantial amount of business in this District, owns and/or operates restaurants in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings his FLSA claim on behalf of himself and all similarly situated persons who have worked as RMs at Red Lobster restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

27. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other similarly situated RMs.

28. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid overtime premium compensation when they worked more than 40 hours in a workweek.

29. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

30. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that Plaintiff and the members of the FLSA Collective have worked for the benefit of Defendant.

31. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

32. Plaintiff and the members of the FLSA Collective perform or performed the same primary duties.

33. Defendant's unlawful conduct has been widespread, repeated, and consistent.

34. There are many similarly situated current and former RMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

35. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

36. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

37. Throughout their employment with Defendant, Plaintiff and the members of the FLSA Collective regularly worked more than 40 hours per week.

38. Plaintiff's and FLSA Collective Members' primary job duties are the same throughout Red Lobster's restaurants.

39. Defendant was aware that Plaintiff and FLSA Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for hours worked over 40 in a workweek.

40. Defendant did not keep accurate records of the hours Plaintiff or FLSA Collective Members worked.

41. Defendant did not require Plaintiff or FLSA Collective Members to clock in or out, or otherwise record their time.

42. Plaintiff's and FLSA Collective Members' primary duties were routine, non-exempt tasks including, but not limited to:

   a. greeting and waiting on customers;
   b. expediting food and serving customers;
   c. preparing and cooking food;
   d. clearing and setting tables;
   e. washing dishes;
   f. counting inventory;
   g. cleaning the restaurant; and
   h. performing general customer service.

43. Plaintiff and FLSA Collective Members spent the majority of their time performing the same or similar tasks as hourly non-exempt employees.

44. Plaintiff's and FLSA Collective Members' primary duties did not differ substantially from the duties of hourly non-exempt employees.

45. Plaintiff's and FLSA Collective Members' primary job duties as RMs did not include:

   a. hiring;
   b. firing; or
   c. disciplining other employees.

46. Plaintiff's and FLSA Collective Members' primary duties were not directly related to Defendant's management or general business operations.

47. Plaintiff's and FLSA Collective Members' primary duty did not include the exercise of discretion or independent judgment regarding matters of significance.

48. In that regard, Plaintiff and FLSA Collective Members:

   a. were not involved in planning Defendant's long or short term business objectives;
   b. could not formulate, affect, implement or interpret Defendant's management policies or operating practices;

6

    c. did not carry out major assignments that affected Defendant's business operations;

    d. did not have authority to commit Defendant in matters that have significant financial impact; and

    e. could not waive or deviate from Defendant's established policies or procedures without prior approval.

  49. Plaintiff's and FLSA Collective Members' primary duties were manual in nature.

  50. The performance of manual duties occupied the majority of Plaintiff's and FLSA Collective Members' working hours.

## CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime Wages
**(Brought on behalf of Plaintiff and the members of the FLSA Collective)**

  51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

  52. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

  53. At all relevant times, Plaintiff and the FLSA Collective engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

  54. At all relevant times, Defendant employed Plaintiff and the FLSA Collective.

  55. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendant.

  56. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

  57. At all times relevant, Plaintiff and the FLSA Collective were Defendant's employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

58. Defendant has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

59. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

60. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

61. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

63. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective members. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.   Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.   Pre-judgment interest and post-judgment interest as provided by federal law;

D.   Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices and/or a declaration that Defendant's acts violate the law;

E.   A reasonable incentive award for the named Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of other RMs, and for the risks he took in doing so;

F.   Reasonable attorneys' fees and costs of the action; and

G.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 28, 2017

Respectfully submitted,

/s/ Justin M. Swartz
OUTTEN & GOLDEN LLP
Justin M. Swartz
Juno Turner*
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

Paul W. Mollica
North Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 809-7010

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz*
Michael Palitz*
1515 S. Federal Hwy
Boca Raton, FL 33432
Telephone: (561) 447-8888

9

*Attorneys for Plaintiff and the FLSA Collective*

*\*Pro hac vice* motion forthcoming

Case: 1:17-cv-05550 Document #: 1 Filed: 07/28/17 Page 10 of 10 PageID #:10